UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEREMY ANDERSON, | CASE NO. 3:25-cv-05157-LK |
| Petitioner, | ORDER ADOPTING REPORT AND RECOMMENDATION |
| v. | |
| JACK WARNER, | |
| Respondent. | |

This matter comes before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge David W. Christel. Dkt. No. 15. Judge Christel recommended that the pending writ of habeas corpus filed by Petitioner Jeremy Anderson, a.k.a. Anna M. Bella, Dkt. No. 10, be dismissed with prejudice as time-barred. Dkt. No. 15 at 1. Petitioner timely filed objections to the R&R. Dkt. Nos. 18, 23. Respondent filed a response. Dkt. Nos. 21, 25. For the reasons described below, this Court adopts the R&R and dismisses the case with prejudice.

### I. BACKGROUND

The background facts and procedural history are set forth in the R&R and are adopted here. Petitioner, who is currently incarcerated following his state court conviction for child molestation in the first degree, initiated this petition for writ of habeas corpus under 28 U.S.C. § 2254 on

February 21, 2025.[1] Dkt. Nos. 1, 10. In response, Respondent argued that the petition is time-barred and should be dismissed with prejudice. Dkt. No. 13.

A.  **The Report and Recommendation**

Judge Christel recommended dismissal of the habeas petition because it was filed after expiration of the one-year statute of limitations provided by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Dkt. No. 15 at 2–4. The one-year period is tolled if a "properly filed application for State post-conviction or other collateral review . . . is pending" during that one-year period. 28 U.S.C. § 2244(d)(2). Because the Washington Supreme Court affirmed Petitioner's conviction on June 9, 2011, *State v. Anderson,* 254 P.3d 815 (2011), and Petitioner did not file a petition for writ of certiorari in the United States Supreme Court, *see* Dkt. No. 13 at 3, Judge Christel found that AEDPA's one-year period commenced on September 8, 2011—the day after the end of Petitioner's window to appeal the Washington Supreme Court's decision—and ended on September 10, 2012. Dkt. No. 15 at 3; *see also* 28 U.S.C. § 2244(d); U.S. Sup. Ct. Rule 13 (a writ of certiorari must be filed within 90 days after entry of the judgment).[2] Although the statute of limitations is subject to statutory tolling while a properly filed personal restraint petition ("PRP") is pending, the PRP that Petitioner filed in February of 2020 did not toll the statute of limitations because it was filed after the one-year limitations period had already expired. Dkt. No. 15 at 3 (citing *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003)).

Finally, Judge Christel found that Petitioner was not entitled to equitable tolling because he had not argued he was entitled to equitable tolling and failed "to demonstrate any extraordinary circumstance" that prevented him from filing a timely habeas petition. Dkt. No. 15 at 4.

---

[1] Respondent refers to Petitioner as they/them in its submissions, while Petitioner uses he/him pronouns. The Court will adopt Petitioner's apparent preference and refer to Petitioner as he/him.

[2] The one-year time period expired on Saturday, September 8, 2012, giving Petitioner until Monday, September 10, 2012 to file a Petition. *See* Fed. R. Civ. P. 6(a).

ORDER ADOPTING REPORT AND RECOMMENDATION - 2

Because (1) Petitioner did not file his federal habeas petition within one year of his direct appeal becoming final, (2) his PRP did not toll the limitations period, and (3) he was not entitled to equitable tolling, Judge Christel found the petition untimely. *Id.* at 4.

### B.    Petitioner's Objections

After timely requesting an extension to file objections, Dkt. No. 16, which was granted, Dkt. No. 17, Petitioner filed objections on July 30, 2025, Dkt. No. 18. After this Court noticed that certain pages appeared to be missing from the objections, it ordered Petitioner to file a corrected version of his objections, Dkt. No. 22, which he timely did, Dkt. No. 23.

In his corrected objections, Petitioner makes several arguments. First, he states that his untimeliness should be excused because he is "actually and factually innocent." Dkt. No. 23 at 8. Second, he requests that the Court equitably toll the statute of limitations because he had tried to appeal his conviction, but had been transferred between various correctional facilities and was unable to obtain assistance. *Id.* at 9.[3] Third, Petitioner argues that his "rights to confront the witnesses [were] denied when the trial court allowed the admission of hearsay statements disclosed to a registered nurse practitioner." *Id.* at 3. Fourth, he argues he was denied effective assistance of counsel "when the defense counsel failed to argue for a lesser included offense instruction." *Id.*

### C.    Response to Objections

Respondent filed an amended response to the corrected objections. Dkt. No. 25. Respondent argues Petitioner has not established an "actual innocence" exception to the limitation period because that exception requires "new reliable evidence" of innocence strong enough to create a lack of confidence in the outcome of the trial. *Id.* at 4 (citing *Schlup v. Delo*, 513 U.S. 298, 316, 324 (1995)). Petitioner "claims actual innocence based on a declaration [he] filed with [his]

---

[3] Petitioner also states that COVID-19 caused his place of incarceration, Stafford Creek Corrections Center, "to go into lock-down and quarantine status." *Id.* at 10.

ORDER ADOPTING REPORT AND RECOMMENDATION - 3

state court personal restraint petition [that] claims police used a suggestive identification procedure with the victim and [Petitioner] was in another location at the time of the crime." *Id.* at 5. However, "[t]he declaration provides no supporting facts or evidence and does not explain how exactly [Petitioner] knows anything about a supposed police identification procedure." *Id*. Petitioner's "bare, conclusory declaration is insufficient to establish a 'rare' *Schlup* claim." *Id.* Further, Respondent asserts that that Petitioner's delays in filing the declaration and the federal petition "undermine" the actual innocence claim. *Id.*

Respondent also argues that Petitioner is not entitled to equitable tolling because he did not diligently pursue his rights and no extraordinary circumstance prevented him from doing so. "[G]iven [he] filed [his] current petition *pro se*," nothing prevented Petitioner from doing so in a timely manner "back in 2011-2012." *Id.* at 3. "Instead, [he] chose not to pursue [his] rights and filed [his] federal petition almost 15 years after the deadline." *Id.* Nor, according to Respondent, has Petitioner shown that an "extraordinary circumstance caused [his] untimely filing" because "*pro se* status and alleged lack of legal knowledge are not grounds for equitable tolling." *Id.*

## II.    DISCUSSION

### A.    Legal Standard

The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). As the statute and rule suggest, the Court reviews findings and recommendations "*if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *see also id.* ("Neither the

Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.").

B.   **Actual Innocence**

"[A] credible claim of actual innocence constitutes an equitable exception to AEDPA's limitations period[.]" *Lee v. Lampert*, 653 F.3d 929, 932 (9th Cir. 2011) (en banc); *accord McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). This rare exception "serves as an additional safeguard against compelling an innocent man to suffer an unconstitutional loss of liberty, guaranteeing that the ends of justice will be served in full." *Lampert*, 653 F.3d at 934 (citation modified). A claim of actual innocence is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Schlup*, 513 U.S. at 315 (citation omitted). And importantly, "actual innocence" in this context "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

To be entitled to this equitable exception, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence," *id*. at 327, "not merely . . . that a reasonable doubt exists in the light of the new evidence," *id*. at 329; *see also Lampert*, 653 F.3d at 937–38 ("The evidence of innocence must be 'so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" (quoting *Schlup*, 513 U.S. at 316)). "'New' evidence under *Schlup* does not actually have to be newly discovered," but rather "'newly presented,' as in 'not presented at trial.'" *Gable v. Williams*, 49 F.4th 1315, 1322 (9th Cir. 2022), *cert. denied sub nom. Steward v. Gable*, 143 S. Ct. 1796 (2023). This standard "requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do." *Schlup*, 513 U.S. at 329; *see also Gable*, 49 F.4th at 1323 ("Ultimately, *Schlup* demands

a holistic review of all the new evidence against the full record."). Although "*Schlup* is demanding, and cases satisfying it have typically involved dramatic new evidence of innocence," it "does not require absolute certainty about the petitioner's guilt or innocence." *Gable*, 49 F.4th at 1322–23 (citation modified).

As noted above, Petitioner claims actual innocence based on a declaration he filed with his PRP. In relevant part, that declaration stated:

> I am actually innocent of the underlying charges for which I was convicted. The conviction was a direct result of police misconduct[,] whereas, the alleged victim succumbed to suggestive identification. The alleged victim was shown a photocomposite, suggesting that I was the perpetrator of the alleged crime. More importantly, I am factually innocent of the charges which led to my conviction because I was in fact in Lewis County at the time of the alleged incident regarding the alleged victim.

Dkt. 14-1 at 161–162. Petitioner completed the declaration in 2018 and filed it in support of his PRP in 2020. It therefore fits the description of "not presented at trial." *See Gable*, 49 F.4th at 1322. However, a declaration that is "remote in time from the actual events it purports to describe, [does not have] other indicia of reliability, trustworthiness, or credibility," and is "short, conclusory, and lacking in details" does not meet the "exacting standard to show that this is an extraordinary case in which it is more likely than not that no reasonable juror would have convicted [Petitioner] in light of the new evidence." *Monk v. Gonzalez*, 583 F. App'x 674, 677 (9th Cir. 2014) (citation modified). Further, "[u]nexplained delay in presenting new evidence bears" on the reliability of that evidence. *McQuiggin*, 569 U.S. at 399. Petitioner's declaration—the sole new evidence upon which he bases his claim of actual innocence—is short, conclusory, lacking in detail, and was submitted without explanation long after his conviction was affirmed, and longer still after his conviction. *See id.; Monk,* 583 F. App'x at 677.

Relief under *Schlup* requires "not merely . . . that a reasonable doubt exists in the light of the new evidence," but that "it is more likely than not that no reasonable juror would have

ORDER ADOPTING REPORT AND RECOMMENDATION - 6

convicted him in the light of the new evidence," 513 U.S. at 327, 329. Petitioner's evidence does not meet that standard, and Petitioner is therefore not entitled to relief from the AEDPA limitations period on the basis of "actual innocence." *See Lampert*, 653 F.3d at 932; *see also Canales v. Gray*, No. 21-3776, 2022 WL 3910510, at *2 (6th Cir. Apr. 5, 2022) (where "[t]he only 'new evidence' [petitioner] submitted to the district court was his own affidavit, stating that he did not commit the crimes of conviction" but "provid[ing] no factual support for his declaration of innocence," petitioner failed to rebut the conclusion that his claims were procedurally defaulted, and "no reasonable jurist could debate the district court's denial of his petition"); *Drach v. Bruce*, 305 F. App'x 514, 517 (10th Cir. 2008) ("'Actual innocence' requires more than the prisoner's continued insistence that he did not commit the crime.").

### C. Petitioner's New Argument in Objections for Equitable Tolling

The Court first addresses whether to consider Petitioner's new argument—raised for the first time in his objections—that he is entitled to equitable tolling. *See* Dkt. No. 15 at 4; Dkt. No. 23 at 7–11. The Court has discretion whether to consider arguments made for the first time in objections. *See, e.g.*, *Vargas v. Evergreen Pro. Recoveries Inc.*, No. C21-926RSL-JRC, 2023 WL 2967317, at *3 (W.D. Wash. Apr. 17, 2023), *aff'd,* No. 23-35386, 2024 WL 4003097 (9th Cir. Aug. 30, 2024); *Davis v. Port Angeles Sch. Dist.*, No. 3:20-CV-5448-BHS-SKV, 2022 WL 602171, at *6 (W.D. Wash. Mar. 1, 2022). Respondent engaged with the merits of this argument. Dkt. No. 25 at 2–4. Based on the particular circumstances of this case, the Court will exercise its discretion to consider Petitioner's claim for equitable tolling.

Because AEDPA's limitations period is not a jurisdictional bar, it may be equitably tolled. *Holland*, 560 U.S. at 645. A petitioner is entitled to equitable tolling where (1) he has pursued his rights diligently, and (2) "some extraordinary circumstance stood in his way." *Id.* at 649 (citation modified). "The diligence required for equitable tolling purposes is reasonable diligence, not

maximum feasible diligence." *Id.* at 653 (citation modified). The factors include a causation component that requires courts to evaluate the petitioner's diligence "in all time periods," including after the petitioner is "free from the extraordinary circumstance," to determine "whether the extraordinary circumstance actually did prevent timely filing." *Smith v. Davis*, 953 F.3d 582, 595, 599 (9th Cir. 2020) (en banc). "[I]t is only when an extraordinary circumstance prevented a petitioner acting with reasonable diligence from making a timely filing that equitable tolling may be the proper remedy." *Id.* at 600. "To be clear, this rule does not impose a rigid 'impossibility' standard on litigants, and especially not on pro se prisoner litigants—who have already faced an unusual obstacle beyond their control during the AEDPA limitation period." *Id.* (citation modified). Instead of applying rigid standards or mechanical rules, courts must decide whether extraordinary circumstances stood in a petitioner's way and prevented timely filing "based on all the circumstances of the case before it." *Id.* Nevertheless, the Ninth Circuit has made clear that "the threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation modified). A petitioner bears the burden of showing that this "extraordinary" remedy should apply. *Id.* at 1065.

Here, Petitioner does not make the required showing. In his corrected objections, Petitioner states only that after the Washington Supreme Court affirmed his conviction in 2011, he "was unable to find anyone to help with any further appeals at that time and was transferred to the Washington Corrections Center on 9/1/2014, where he sought assistance through the institutional contract attorney but was unable to obtain any assistance." Dkt. No. 23 at 9. While the Ninth Circuit does not "require petitioners to demonstrate an overzealous or extreme pursuit of *any and every* avenue of relief," *Bent v. Garland*, 115 F.4th 934, 943 (9th Cir. 2024) (citation modified), the Petitioner must exercise "reasonable diligence given his particular circumstances, including any impediments confronting him and the resources at his disposal," *id.* (quoting *Ford v. Gonzalez*,

ORDER ADOPTING REPORT AND RECOMMENDATION - 8

683 F.3d 1230, 1238 (9th Cir. 2012)). The AEDPA limitations period was already two years stale by the time Petitioner was transferred for the first time after his conviction became final. *See* Dkt. No. 23 at 9. Thus, any impediments caused by his 2014 transfer and subsequent inability to obtain assistance do not demonstrate "reasonable diligence." *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."); *Akins v. United States*, 204 F.3d 1086, 1089–90 (11th Cir. 2000) (where petitioner had ample time to file his habeas petition when impediments did not exist, equitable tolling did not apply).

Nor has Petitioner shown that any extraordinary circumstances prevented him from exercising that diligence. Even assuming without deciding that lockdown and quarantine status during COVID-19 is an extraordinary circumstance, "it is only when an extraordinary circumstance prevented a petitioner acting with reasonable diligence from making a timely filing that equitable tolling may be the proper remedy." *Davis*, 953 F.3d at 600. As with the 2014 transfer, the statutory period was already long over by the time of the COVID-19 pandemic. *Id.* at 595. Thus, impediments caused by COVID-19 do not provide a basis for equitable tolling.

In sum, Petitioner has not met the "very high" bar required to equitably toll AEDPA's statute of limitations. *See Miranda*, 292 F.3d at 1066. And because Petitioner's claims are time-barred, the Court need not address the merits of his claims that he was denied the right to confront the witnesses against him and that his counsel was ineffective. *See* Dkt. No 23 at 12–21.

**D.      Evidentiary Hearing**

Judge Christel determined that it was not necessary to hold an evidentiary hearing to resolve this matter because the Court can resolve whether the petition was timely by reference to the state court record. Dkt. No. 15 at 4–5.

ORDER ADOPTING REPORT AND RECOMMENDATION - 9

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474.

The Court agrees that this matter can be decided without an evidentiary hearing based on the record before it, which demonstrates that even if Petitioner's allegations are true, he is not entitled to habeas relief because his petition is untimely and not subject to equitable tolling. *See, e.g., Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010) (no obligation to hold evidentiary hearing when no extraordinary circumstance caused untimely filing of habeas petition).

E.  **Certificate of Appealability**

Judge Christel recommended that the Court deny a certificate of appealability because Petitioner has not made the required "'substantial showing of the denial of a constitutional right.'" Dkt. No. 15 at 6 (quoting 28 U.S.C. § 2253(c)(2)). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

As discussed above, after Judge Christel issued his R&R, Petitioner argued for the first time that equitable tolling applies. Dkt. No. 23 at 3. The Court has rejected Petitioner's request for equitable tolling, and finds that no reasonable jurist could disagree with this decision. Considering the petition as a whole, no reasonable jurist would find that the issues presented in the Petition should proceed further. Thus, a certificate of appealability is inappropriate.

### III. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

(1) The Court ADOPTS the Report and Recommendation, Dkt. No. 15;

(2) This action is DISMISSED with prejudice;

(3) A certificate of appealability is DENIED.


Dated this 15th day of December, 2025.

*Lauren King*

Lauren King
United States District Judge